JULIAN and DAVIS, Respondents, *v.* WELLANER GAL-LEN, et al., Appellants.

A case of Forcible Entry and Detainer was legally brought before a Justice of the Peace; but he being a witness in the cause, acting under the 620th section of the Practice Act, sent it to the Mayor of M., who having no jurisdiction, returned it to the successor of the Justice, (who had in the meantime resigned,) before whom it was decided.  Held that the mere fact of sending the cause to the Mayor could not be a subject of complaint, and that the judgment of the Justice's Court be sustained.

THIS was a proceeding in forcible entry and detainer in which the complaint charges the defendant with entering with force and arms upon his mining claim, and unlawfully holding the same, &c.   The proceeding was commenced in the Court of G. Appley, Esq., a Justice of the Peace, and ultimately tried before James Cushing, Esq.   The statement of the case upon the record shows that on the trial of the cause, defendant's counsel moved to dismiss the suit for want of jurisdiction, alleging that the cause was commenced before Esq. Appley, Justice of the Peace for Township No. 1, by him referred to T. W. Barnard, Esq., a Justice of Peace for Township (No.·  ), and by said Barnard referred to Charles Ellet, Esq., Justice of Peace for Township No. 1, and by said Ellet referred to W. P. Watkins, Recorder of the City of Marysville, and by the said Watkins to this Court. But it appearing to this Court, that the said Appley and Barnard were material witnesses in the cause, and the Court officially noticing that the said Ellet had resigned his said office as Justice of the Peace, the docket of the said Ellet then being in the possession of this Court legally transferred ; and further it appearing to this Court, that there was no other nearer Justice of

the Peace in and for said county, defendant's motion was over-ruled, and defendant excepted.

At the trial the counsel moved to discharge the Ohio Company from the record as defendants, because it did not appear that the Ohio Company and the Perry Wing-dam Company had a common interest in the possession of the ground in dispute, and because it did appear that the Ohio Company was a distinct company from the Wing-dam Company in its organization, and claimed different mining grounds, &c. The Court ruled that the Ohio Company and Perry Wing-dam Company were proper parties, &c., and overruled the motion, and defendants excepted. The cause was given to the jury, who returned the following verdict, " We, the jurors, find for the plaintiffs."

Defendant appealed.

*Walker* and *Bryon*, for appellants.

The Recorder of a city having no power under the charter to hear and determine a cause, has no power to make a legal transfer of it. U. S. Dig. Vol. 2, p. 674, note (3), Charter of the City of Marysville.

Defendants not in interest, cannot legally be joined in the same suit, and a motion to discharge from the record, a defendant not in interest, after plaintiff's evidence closed must be maintained. Practice Act, p. 86, sect. 423 ; 1 Chitty's Pleadings, 66, and 76 and 86.

The verdict of the jury being *generally for plaintiffs* in forcible entry and unlawful detainer, by all rules, law and precedent, is treated as a nullity. 2 U. S. Dig. 334, sect. 119, Russel on Crimes ; caption " Forcible Entry and Detainer."

As to power of Court to serve on motion, see U. S. Dig. 138, sect. 8, and p. 139, sec. 27.

For respondents. The action is for the forcible entry, &c., and not to determine the right to the claim, sect. 89, if the judiciary act has no application.

The statutes do not require the property entered upon to lie in the township of the Justice ; the 535th section of the Practice Act only determines the township in which the action shall be commenced. In this action the summons was issued conformably to the act ; and it was properly transferred. Appley and Barnard

were material witnesses in the cause, and transferred the case to Ellet, being the nearest Justice, &c., which rested in their discretion. Ellet transferred it to Watkins, Recorder of Marysville, who had jurisdiction as a Justice of Peace in civil cases; who transferred it to Cushing, the successor of Ellet, who had in the meantime resigned, and he having possession of the action, could proceed without noticing the void acts of his predecessor. So, the objection of defendant came too late after he had called for a jury, and consented to proceed with the trial.

The Ohio Company never was a party to the record. Members of the Company were parties, and so designated. The Court therefore did not err in refusing to discharge the Company. But if the Company were a party, the fact that it did not appear to have a common interest with the Perry Wing-dam Company, was no ground of discharge. The former might have entered upon the ground forcibly, and without any common interest.

The verdict is sufficient. Forcible Entry Act, Stat. 1850, p. 426; 2 Cowen's Practice, 3.

HEYDENFELDT, Justice.—Section 400 of the Practice Act provides, that where a Judge, trying a cause, may be called as a witness, he may order the trial to take place before another Judge. And section 620 of the same Act extends the like provisions to Courts of Justices of the Peace.

The record shows that the first two justices before whom this suit was pending were witnesses, and therefore it was properly transferred to the third one. This last transferred it to the Mayor of Marysville, who denying his own jurisdiction, sent it back, and it was then tried by the successor in office of the third justice.

The mere fact of having been proposed for jurisdiction to the mayor, who had none, and who therefore did not pretend to exercise any, cannot be properly a subject of complaint.

There is no error to which our attention has been called; and the judgment is affirmed.